IN THE UNITED STATES DISTRICT COURT

FOR THE ___Eastern_____ DISTRICT OF TEXAS

___Eastern_____ Division

**F I L E D**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

PETITION FOR A WRIT OF HABEAS CORPUS BY A
<u>PERSON IN STATE CUSTODY</u>

NOV 1 7 2003

DAVID J. MALAND, CLERK

BY _____
DEPUTY

___Robert Garcia_____
**PETITIONER**
(Full name of Petitioner)

___1200 Fm 655 Rosharon Tx.___
CURRENT PLACE OF CONFINEMENT

vs.

___632291_____
PRISONER ID NUMBER

___6:03cv506___

___Douglas Dretre, Director_____
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of petitioner)

CASE NUMBER
(Supplied by the Clerk of the District Court)

## <u>INSTRUCTIONS - READ CAREFULLY</u>

1. The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3. When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, <u>and</u> (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6. Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7. When you have finished filling out the petition, mail the original and two copies to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8. Petitions that do not meet these instructions may be returned to you.

## PETITION

**What are you challenging?** (Check only one)

- ☐  A judgment of conviction or sentence, probation or deferred-adjudication probation      (Answer Questions 1-4, 5-12 & 20-23)
- ☐  A parole revocation proceeding.      (Answer Questions 1-4, 13-14, & 20-23)
- ☒  A disciplinary proceeding.      (Answer Questions 1-4, 15-19 & 20-23)

## All petitioners must answer questions 1-4:

1. Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack: _____

2. Date of judgment of conviction: _____

3. Length of sentence: _____

4. Nature of offense and docket number (if known): _____

## Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:

5. What was your plea? (Check one)

   ☐  Not Guilty      ☐  Guilty      ☐  Nolo contendere

6. Kind of trial: (Check one)      ☐  Jury      ☐  Judge Only

- 2 -

CONTINUED ON NEXT PAGE

7.   Did you testify at the trial?   ☐   Yes   ☐   No

8.   Did you appeal the judgment of conviction?   ☐   Yes   ☐   No

9.   If you did appeal, in what appellate court did you file your direct appeal?

_____Cause Number (if known) _____

What was the result of your direct appeal (affirmed, modified or reversed):_____

What was the date of that decision? _____

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Result: _____

Date of result: _____Cause Number (if known):_____

If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

Result:   **NA**_____

Date of result:   **NA**_____

10.   Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

☐   Yes   ☐   No

11.   If your answer to 10 is "Yes," give the following information:

Name of court:   **NA**_____

Nature of proceeding:   **NA**_____

Cause number (if known):   **NA**_____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.

_____

Grounds raised: _____**NA**_____

_____

CONTINUED ON NEXT PAGE

<u>Date</u> of final decision: _____ NA _____

Name of court that issued the final decision: _____ NA _____

As to any *second* petition, application or motion, give the same information:

Name of court: _____ NA _____

Nature of proceeding: _____ NA _____

_____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court. _____

Grounds raised: _____ NA _____

_____

_____

_____

<u>Date</u> of final decision: _____ NA _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12.   Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?            ☐   Yes      ☒   No

(a)   If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:
NA
_____

_____

(b)   Give the date and length of the sentence to be served in the future: _____
NA
_____

(c)   Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

☐   Yes      ☒   No

CONTINUED ON NEXT PAGE

**Parole Revocation:**

13.   Date and location of your parole revocation: _____NA_____

14.   Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

    ☐   Yes         ☒   No

If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.   For your original conviction, was there a finding that you used or exhibited a deadly weapon?    ☐ Yes    ☒ No

16.   Are you eligible for mandatory supervised release?    ☒ Yes    ☐ No

17.   Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

_____

Disciplinary case number: ___2003231732_____

18.   Date you were found guilty of the disciplinary violation: _____

Did you lose previously earned good-time credits?    ☐ Yes    ☐ No

Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: _____

_____

19.   Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

    ☒   Yes         ☐   No

If your answer to Question 19 is "yes," answer the following:

Step 1 Result: ___**Attached**_____

Date of Result: ___**September 23, 2003**_____

Step 2 Result: ___**Attached**_____

- 5 -

CONTINUED ON NEXT PAGE



**Texas Department of Criminal Justice**

# STEP 2   OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY | |
| --- | --- |
| Grievance # | 2003231732 |
| UGI Recd Date: | OCT 0 1 2003 |
| HQ Recd Date: | OCT 0 3 2003 |
| Date Due: | 11-05 |
| Grievance Code: | 401 |
| Investigator ID #: | 10570 |
| Extension Date: | |

Offender Name: Robert Garcia _____ TDCJ # 632291 _____

Unit: Ransey 2 _____ Housing Assignment: C-15-2-10 _____

Unit where incident occurred: Joe Gurney _____

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be specific).   *I am dissatisfied with the response at Step 1 because...*

I'm dissatisfied with the step 1 response on case # 20030350327 I was charged with a code 8.0 which is rioting. The response claims there was sufficient evidence for a guilty verdict. I was in the wrong place at the wrong time. Myself & several other offenders where staged in the sally port area on our way to church services when a fight did occur. Since I would not sign a statement for or against anyone officer C. Crawford c/o IV statedd to me" you must be involved them" I ask that you take into consideration these facts All offenders involved signed a wittness statement saying I had no involvement whatsoever in the fight. There were no bruises,marks, or laserations nor any wittness who could say I participated in the fight. The officer C. Crawford was only covering hisself and co-worker for staging us in the sally port. There are sign statement in the file from the offenders Julian Castillo#1177308, Jose Hermandez#1154119, Ricky Telles#1097625 & Ruben Flores#1178388 My disciplinary history should also be taken into consideration I 'm not into any games gangs or clicks. At the time of this incident I was waiting on a parole answer with a strong chance to make it on a parole violation. I would not have risk losing that for any reason at all. I ask that case # 20030350327 be exsponged from my record and that I be reinstated to my original ststus.

Thank You For Your Time And Consideration
Sincerly And Respectfully
Offender Robert Garcia

OCT 0 3 2003

**Offender Signature:** _Robert E. Garcia_    **Date:** _9-30-03_

**Grievance Response:**

Major disciplinary case # 20030350327 has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines. No further action is warranted in this matter. th-d

**Signature Authority:** _Kelli Ward_    **Date:**    OCT 1 3 2003

Kelli Ward

**Returned because:**    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 6. Inappropriate. *

**CGO Staff Signature:** _____

**I-128 Back (Revised 9-1-2001)**

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:**_____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____Screened    ____Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |
| **2ⁿᵈ Submission** | **CGO Initials:** _____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____Screened    ____Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |
| **3ʳᵈ Submission** | **CGO Initials:**_____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____Screened    ____Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |



**Texas Department of Criminal Justice**

## STEP 1   OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2003231732 |
| Date Received: | AUG 25 2003 |
| Date Due: | 10-4-03 |
| Grievance Code: | 401 |
| Investigator ID #: | I0165 |
| Extension Date: | N/A |
| Date Retd to Offender: | 9-24-03 |

Offender Name: Robert E Garcia   TDCJ # 632291
Unit: Joe Gurney   Housing Assignment: G-06
Unit where incident occurred: J. Gurney

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.
Who did you talk to (name, title)? Capt Prock   When? 8-22-03
What was their response? Guilty
What action was taken? 15 days solitive dropped to line class 3 and 300 days good time taken

State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.

(Case # 20030350327) I was charged for Riot when I had nothing to do with what occured in E dorm Sally port. My Wittness's are all that was involved stating that I had nothing to do with it. Even the victim. Names Ricky Miller #1097625, Jose Hernandez #1154119, Ruben Flores #1178388 and Offender Victim Julian Castillo 1177308. Officer Crawford lied on the case, I had nothing what so ever to do with the incident, in any manner or passion I have been severly punished for something I had no participation in. I've written my family to consult with an atty on this matter. I have suffered enough for the actions of others. All I was doing I was going to church. I never even got with in 5 ft of the Victim.

How can I be charged for something I did No do or participate in. I was told to point and would be cleared do to all the witness statements and yet I was severely punished. My record show No Violence. I've seen parde I just its out the window because of going to church.

Copy 1   8-2003

I-127 Front (Revised 9-1-2001)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

**Action Requested to resolve your Complaint.** "Prayer" that the ~~still~~ thing is done and case be lifted and off my record. That my good time be replaced and my class given back. Thank You For Time + Consideration.

**Offender Signature:** Robert E. Sauce _____ Copy 1 _____ **Date:** 8-22-03

**Grievance Response:**

Disciplinary case #20030350327 has been reviewed and no procedural errors were noted. You were identified as being involved. There was sufficient evidence to support the guilty verdict. The punishment imposed was within established guidelines, therefore, there is no reason to overturn this case.

**Signature Authority:** _____   Warden Swift   **Date:** 9-23-03

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:   *Resubmit this form when corrections are made.**

- ☐ 1. Grievable time period has expired.
- ☐ 2. Submission in excess of 1 every 7 days.*
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments. *
- ☐ 5. No documented attempt at informal resolution.*
- ☐ 6. No requested relief is stated.*
- ☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
- ☐ 8. The issue presented is not grievable.
- ☐ 9. *Vacant – discontinued 9-1-00*
- ☐ 10. Illegible/Incomprehensible. *
- ☐ 11. Inappropriate. *

**UGI Signature:** _____
**I-127 Back (Revised 9-1-2001)**

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **UGI Initials:** _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **2nd Submission** | **UGI Initials:** _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | **UGI Initials:** _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Date of Result: __October  13,2003__

<u>All applicants must answer the remaining questions:</u>

20.    State <u>clearly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

> CAUTION:
> <u>Exhaustion of State Remedies:</u> You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
> <u>Subsequent Petitions:</u> If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your belief that you are being held unlawfully.

<u>DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS.</u>  Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a)    Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b)    Conviction obtained by the use of a coerced confession.

(c)    Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d)    Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e)    Conviction obtained by a violation of the privilege against self-incrimination.

(f)    Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g)    Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h)    Conviction obtained by a violation of the protection against double jeopardy.

(i)    Denial of effective assistance of counsel.

(j)    Denial of the right to appeal.

xxⓀⓑⓍ    Violation of my right to due process in a disciplinary action taken by prison officials.

- 6 -          CONTINUED ON NEXT PAGE

A.  **GROUND ONE:**   Violation of my rights to due process of
law in a disciplinary action by prison officials

Supporting FACTS (tell your story briefly without citing cases or law):

See Memorandum of Law Attached

B.  **GROUND TWO:** 

Supporting FACTS (tell your story briefly without citing cases or law):

C.  **GROUND THREE:** 

Supporting FACTS (tell your story briefly without citing cases or law):

CONTINUED ON NEXT PAGE

D.   GROUND FOUR: _____

_____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

_____

_____

_____

_____

_____

21.   Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

☐   Yes          ☐   No

If your answer is "yes," give the date on which <u>each</u> petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

_____

_____

_____

22.   Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

☐   Yes          ☐   No

If your answer is "yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

          CONTINUED ON NEXT PAGE

In The United States District Court
For The Souther District of Texas
Southern Division

Marion Young,
        Realtor,

                                        Civil Action No._____

Douglas Dretre Dictor

The copy with the step 1, and step 2 goes to the Court. The hand written copy, you keep for yourself. ~~~~~~~

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Right under " statement of the case " put the date you went before the disciplinary: for Example 8 - 16 - 2003.

Put the other form in order just like the Court copy.

<u>Petitioner's Memorandum of Law In Support of</u>
<u>His Petition For Writ Of Habeas Corpus</u>

To The Honorable Judge of said Court:
    Comes now Robert Garcia, Petitioner, herein,and file this memorandum of law in support
of his petition for writ of habeas corpus and would respectfully show the court the following:

## <u>Jurisdiction</u>

1. Petitioner aver that this Honorable Court has jurisdiction of this case
pursuant to 28 u.s.c §2254 (D).

## <u>Statement of the Case</u>

2. Petitioner is presently incarcerated in the Texas Department of Criminal Justice-
Institutional Division.
(hereinafter called TDCJ-ID) at 1200 Fm 655 Rosharon,Texas 77583

3. Petitioner files this petition for writ of habeas corpus from the judgement and
conviction of his institutional Disciplinary HEARING of  8-22-03  and would Respectfully
show the Court as follows:

## <u>Allegation</u>

4. It was allege that on August 15,2003, at E building front sallyport, intentionally
Participated with other offenders in assualting offender castillo Julian and created a
danger of injury to a person and substantially obstructed the preformance of unit operations
by requiring that church turnout along with normal operation be surspende until the incident
was controlled by security force.

## <u>Statement of Facts</u>

5. Petioner aver that he was merely caught up in the mix, in that petitioner and several
other offenders were waiting in the sallyport area on their way to church services, when a
fight broke out. Petitioner was asked, but refused the request of officer C. Crawford, to
sign a ststement. Officer C. Crawford stated to petitioner "you must be involved".
All offenders involved signed statement to the effect that petitioner had no involvement in
the fight. Petitioner disciplinary history shows taht he"s a model offenderand not off into
gang activities or clicks. Petitioner, at the time of the occurance of the fight was waiting
on an answer for parole with a great chance of making parole. Petitioner is only serving a
parole violation. As a result of petitioner disciplinary hearing,petitioner upon a plea of
not guilty, was found guilty and sentence to 15 days solitary confinement,demoted from L1 to
L 2 and lost of 300 days good time credit.

## <u>Argument</u>
Point 1
2.

6. Petitioner aver that when prison officials subject offenders to serious punishment
such as loss of good-time credits, loss of class and solitary confinement they must observe
the safeguards of due process. <u>Wolf V. McDonnelly</u>, 418 U.S,539,556-57,94 S.Ct.2963 1994);
<u>Gilbert V. Frazier</u>,931 F2d 1581,1582(7th Cir.1991). The hearing officer                 ,
violated due process requirement in those respects.

    A. The refusal to call petitioner's witness denied due process

7. Petitioner had the right to call witnesses when it is not"unduly hazzardous to institutional
safety or correctional goals"<u>Wolf V. Mcdonnell</u>, 418 U.S 539,566,94 S.Ct.2963(1994). witnesses
may be denied for reasons such as" irrelevance,lack of necessity or the hazzards present in

McCann V. Couglin, 698 F.2d 112,122-23(2d Cir.1983); Bartholomeun , 655 F.2d 915 (9th Cir.1982).

8.Petitioner's witnesses were not irrelevant or unnecessary. they were in a position to see hear and know all or part of the incident in the sallyport on August 15,2003. Had they been called, they would have testified that petitioner had no involvement in the fight on August 15,2003, Courts have repeatedly held that the refusal to call witnesses with personal knowledge of the incident in question denies due process.Fox V. Coughlin,893 F.2d 475,477 ( 2d Cir.1990). This is especially so when a prisoner"Faces a credibility problem trying to disprove the charge of a prison guard! Ramen V. Keehy936 F.2d 1102,1104(10th Cir.1991),and when the hearing officer refuses to hear any witnesses coroborating the accused version. Graham V. Boughuman,772 f.2d 441,445(8th Cir,1985); Grant V. Nelson,442 F. Supp. 1047,1057 (d.Conn.1977)--both of which apply to this case.

B.The Failure to provide petitioner a meaningful
Explaination of the finding of guilt denied due process.

9. Petitioner aver that offenders who are found guilty of disciplinary charges are entitled to a written statement by the factfinder as the evidence relied on and the reason for the disciplinary hearing off action."Wolf V.McDonnell,418 U.S 2t 565,quoting Morrisey V. Brewer, 408 U.S. 471,489 92 S.Ct.2593(1992). In the instant case petitioner was 92 S.Ct. 2593(1992). In the instant case petitioner was found guilty based upon the"officer's report. Several Courts have held that the practice "as in petitioner case" of simply adopting the report of staff members with no further explaintion denied due process. Dyson V.Kocir689 F.2d 466,467-68(3d Cir.1982); King V. Wells760 F.2d 87, 93(6th Cir.1985); Chavis V. Rowe643 F.2d 1281,1286-87 (7th Cir)cert. denied,454 U.S907(1981); Haynes V. Walker,555 F.2d 625,633 (7th Cir) cert. denied,434 U.S 959 (1977); Owens V. State, 507 So.nd 576,578(Ala.Cr.app.1987) State Ex. Rel. Meeks V. Gagnon, 95 Wis. 2d 115, 289 N.w 2d 357,362-63(Wis.App.1986).Prison officialas must provide some degree of explanation for the conclusions they reach other than the charging officer report.Washington V. Chrans,769 F. Supp. 7045,1052(C.D.1]1.1991); Robinson V. Young, 674 F. Supp. 1356,1368 (W.D. Wis.1986).

Here, the factfinder provided no explaination whatsoever for believing the written report of the officer over the personal testimony of the petitioner

C. The petitioner's conviction of violation of code 8.0 rioting unsupported by any evidence,other than the charging officer disciplinary report,denied due process.

10. Due process forbids prison officials to convict offenders of disciplinary offenses unless there is " Sufficient Evidence" to support the charge. Superinterdent V. Hill, 472 U.S 445,457 105,2768(1985). IN this case, there was no evidence to support the change of rioting in violation of code 8.0

11. Petitioner aver that the courts are divide concerning the burden of proff that must be applied by the hearing officer in the disciplinary proceding. In Goff V. Dailey the Fisrt Federal appeals Court to consider this question held that"some evidence" was the burden of proff as well as the standard of revieal in disciplinary hearing.

11. in other words,this court held that if there ia any evidence that an offender is guilty that the hearing officer can convict even if there's no overwhelming evidence that you are innocent. However the Vermont Supreme Court found the Goffdecision "unpersuasive" and held that due process requires the burden of proff to be the "preponenance of the evidence" Lafasso V. Patrissi,633 A.2d at 699-700; see also Brown V. Fauver, 819 F.2d at 399 n.4 (expressing doubt whether "some evidence burden of proff meets the due process standards).

12 Petitioner aver that the preponenance standard is the proper burden of proff for a varity of reason. [T]he petitioners intrest is not being erroneously convicted is an important one, the risk of error with use of the some evidence standard is high and the TDCJ-ID's intrest in swift and certain punishment is not impede by the use of the preponenance standard of proff. In addition TDCJ-ID, should not have an interest in treating innocent people as if they were guilty. Goff V. Dailey, 991 F.2d at 1444(dissenting opinion)(citation omitted),accord LaFaso V. Dailey, 633 a.2d at 698-700(We conclude there is a very significant risk of erroneous discipline of an innocent inmate under a"some evidence" standard of proff);is simply not designed for the initial fact-finding.As the vermont Court observe,

...[T]he Court stated that its"some evidence" standard " does not reqire
examination of the entire record,independent assessment of the credibilty
of witnesses,or weighting the evidence." USuperintendent] V. Hill,472 U.S
at 455,105 S.Ct. at 27774...We find incredible the suggestion that a
de novo proceding intend to determine the guilt or innocence of any
individual could dispense with the procedures and retain a semblance
of "Fundemental Fairness." LaFaso V. Patrissi, 633 A.2d a 698;see
Valmonte V. Banc, 18 F.3d 992 (2d Cir.1994)(noting that a"some evidence standard" does not
reqhire the factfinder to weight conflicting evidence'). As the lower court in Goff pointed out,
2nd the Vermont court agreed,the accepting due process"blancing test" support the us of
higher standard than "some evidence" No case applying the due process"blancing test" support
the use of a higher standard than "some evidence" a standard of proff less than a prepounce
of the evidence.Goff V. Dailey,991
F.2d at 1443(dissenting opinion)and case cited. Cases cited in Goff as supporting the use of
lower court standard did not actually deal with the standard of proff rather,they dealt with
the procedure nature of the hearing that was required.In Goss V. Lopez, 419 U.S 565,95 S.Ct
729 (1975),the Supreme Court held held that a school principal could suspend a student after
telling her what she was accused of doing and and informally discussing the charges with her)
(Reliance on prison employee's oral summary of an alleged threatening letter,without reading
the letter,may deny due process) Howard V. Wilerson,768 F.Supp.1002,1008(S.D.N.Y1991)
(hearsay information with no evidence supporting it's credibilty was not some evidence)
Parker V. State,597 So.2d 753,754(Ala.Cr App.1992)(Staff members report based on what some
inmates told him was not "some evidence.Johnson V. State,576 So.2d 1289,1290(Ala Crim.App 1991)
(Similar to Howard); Ex parte Floyd,457 So.2d 961,962(Ala.1984)(Supposition based upon
supposition,stemming from hearsay was inadequate to support a conviction);Farrell V.Oregan
State Penitentiary,Corrections Div. 51 Or. App. 465,625 P. 2d 1380,1382(Or.App.1981);(see e.g
Lenea V. Lance,882 F.2d 1171,1175-76(7th Cir.1989)(there was no evidence that the previous
prisoners had had aided in escape based on the facts he knew the escapees  had spoken to one
the day of the escape, was legitimately in the general area were they escaped,and was found
to be "deceptive" during a polygraph test);Cerd V. O'Leary, 746 F.supp.820,825 (N.D.Ill.1990)
Evidence discrediting the prisoner alibi but not affirm afraction) Adams V. Wolf,624 F. Supp.
1036,1040 (1) Nev.1985)(stab wounds alone did not constitute evidence of fighting);
Matter of Resmiller,101 Wash.2d 291,678 P.2d 323,326(Wash.1984)(No evidence was produced
liking the petitioner to the contreband);see Artway V.Scheidernated,671 f.Supp. 330(1) N.j 1987)
As in the instant case there was no evidence liking the petitioner to the rioting. Courts
Courts have caution that hearsay  thats completely uncorroborated and has no other indications
of reliability does not constitut some evidence.Young V. Kann,926 F.2d 1396,1402(3rd Cir.1991).
(Reliance on prison employees oral summitted summary of an allegedly threatening letter
without reading the letter,or without more may deny due process. Written reports must be based
on personal knowledge and properly signed and dated in order to support a conviction.

Point II
13. Defendant Douglas Drebee, is liable for the due process violations by reason of his
failure to correct the on administration appeal. Althought Director Douglas,did not commit
the due process violation, he became responsibile when he failed to correct in the course of
his supervisory responsibilities. A Director who learns of a constitutional violation through
a report on appeal may be held liable for failing to correct it. William V. Smith, 781 F.2d
319,323-24(2d Cir.1986). In particular, warden and other high level officials who designated
to decide disciplinary appeals have the duty to conduct atleast a "minimal investigation"
whe confronted with due process violations and they may be held liable for failer to preform
thid duty King V Higginins,702 F.2d 1821(1st Cir.) cert. denied,464 U.S.965(1983); accord
Lewis V. Smith ,855 F 2d 736,738(11th cir.1988) Gabai V. Jacoby, 800 F.Supp.1149,1156(S.D.N.Y
1992) Fagin V. Broglin693 F.Supp. 736,740(N.DInd.1988); Pino V. Dalsheim,605 F.Supp.1305,1319
(S.D.N.Y.1985) Dyson V. Kocik,693 F.Supp 109,120(M.D.Pa 1983)affd,740.F.2d 956(3rd Cir.1984).
Petitioner aver that the director was made awrE throught his appeal process of the due process
violations in this case. The failer to call any petitioners witnesses,the inadequate statement
of reason and the lack of evidence in the report for the charge of riotingwere all apparent
from the documents created in the course of the disicplinary procedings. Moreover the
Identified the due process violations in his appeal grievance,so the Director knew what to look fo

Petitioner aver that loss of good time-credits is a factor used to determine petitioners eligibility for early release from confinement.See Texas Gov't Code Ann.508.145(West2002) A ststse may create a constitutionall protected liberty interest requiring a higher level of due process when good time credits are forfeited in a disciplinary action against an offender eligible for mandatory Supervision Release on Parole. See <u>Madison V. Parker</u> 104 F.3d 765,769 (5th Cir.1997). Since 1997 ; Texas law has that good conduct time credits "apply only to those offenders eligibility for parole on mandatory supervision,rather than an actual reduction in an offender sentence. Tex. Rev Stat. Act,6181-1/4(West Supp.1977). Currentyly,Tex Gov't Code Ann.498.003 (West 2002) Under this analysis petitioner would have a conizable claim if he lost good time. See Exhibit A & B Attached hereto.

<div align="center">Exhaustion</div>

14.    Petitioner aver he has exhausted his institutional remedies for purpose of 28 U.S.C 2254 (b) when he pursued the TDCJ-ID informan grievance procedures. See <u>Gartell V. Gaylo</u> 981 F.2d 258 n.)(5th Cir 1993)(When challening a prison disciplinary hearing in habeaus corpus. "Offenders are required to exhaust the TDCJ-ID grievance procefures <u>Spaulding V. Collins</u>,867 F. Supp 499,502(S.D.Tex.1993)(Because the case involves a prisoner disciplinary action is not reviewable by state court and is properly brought by Federal Habeas Corpus Petition in this Court. See <u>Barter V. Estelle</u> 614 F.2d 1530,153 -32(5th Cir.1980),cert.denied,449 U.S 1085(1981); <u>Lerma V.Estelle</u> 585 F.2d 1297,1299 (5th Cir.1980) cert. denied,444 U.S.848 i1997); <u>ExParte Brager</u>704 S.W 2d 46 (Tex. Crim.App.1986)(Holding that the Texas Court of Crimalnal of Appeals will not entertain state habeas actions challenging violations of prison disciplinary procedures.

Prayer For Relief

For the foregoing reasons petitioner prays this Honorable Court grants petitioner's petition for writ of habeas corpus,issue an order ordering TDCJ-ID to expunge the disciplinary conviction described in his habeas corpus from the plaintiff's institutional record.

Respectfully Submitted,

Robert E. Garcia

23.   Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

☐     Yes                    ☐     No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

_____

_____

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed on _____ (date).

_____
Signature of Petitioner (required)

Petitioner's current address: _____

_____

_____

## Petitioner's Memorandum of Law In Support of
## His Petition For Writ Of Habeas Corpus

To The Honorable Judge of said Court:

Comes now Robert Garcia, Petitioner, herein,and file this memorandum of law in support of his petition for writ of habeas corpus and would respectfully show the court the following:

### Jurisdiction

1. Petitioner aver that this Honorable Court has jurisdiction of this case pursuant to 28 u.s.c §2254 (D).

### Statement of the Case

2. Petitioner is presently incarcerated in the Texas Department of Criminal Justice-Institutional Division.
(hereinafter called TDCJ-ID) at 1200 Fm 655 Rosharon,Texas 77583

3. Petitioner files this petition for writ of habeas corpus from the judgement and conviction of his institutional Disciplinary HEARING of 8-22-03 and would Respectfully show the Court as follows:

### Allegation

4. It was allege that on August 15,2003, at E building front sallyport, intentionally Participated with other offenders in assualting offender castillo Julian and created a danger of injury to a person and substantially obstructed the preformance of unit operations by requiring that church turnout along with normal operation be surspende until the incident was controlled by security force.

### Statement of Facts

5. Petioner aver that he was merely caught up in the mix, in that petitioner and several other offenders were waiting in the sallyport area on their way to church services, when a fight broke out. Petitioner was asked, but refused the request of officer C. Crawford, to sign a ststement. Officer C. Crawford stated to petitioner "you must be involved". All offenders involved signed statement to the effect that petitioner had no involvement in the fight. Petitioner disciplinary history shows taht he"s a model offenderand not off into gang activiƭies or clicks. Petitioner, at the time of the occurance of the fight was waiting on an answer for parole with a great chance of making parole. Petitioner is only serving a parole violation. As a result of petitioner disciplinary hearing,petitioner upon a plea of not guilty, was found guilty and sentence to 15 days solitary confinement,demoted from L1 to L 3 and lost of 300 days good time credit.

### Argument
Point 1
2.

6. Petitioner aver that when prison officials subject offenders to serious punishment such as loss of good-time credits, loss of class and solitary confinement they must observe the safeguards of due process. Wolf V. McDonnelly, 418 U.S,539,556-57,94 S.Ct.2963 1994); Gilbert V. Frazier,931 F2d 1581,1582(7th Cir.1991). The hearing officer                          , violated due process requirement in those respects.

A. The refusal to call petitioner's witness denied due process

7. Petitioner had the right to call witnesses when it is not"unduly hazzardous to institutional safety or correctional goals"Wolf V. Mcdonnell, 418 U.S 539,566,94 S.Ct.2963(1994). witnesses may be denied for reasons such as" irrelevance,lack of necessity or the hazzards present in

McCann V. Couglin, 698 F.2d 112,122-23(2d Cir.1983); Bartholomeun , 655 F.2d 915 (9th Cir.1982).

**❽.**Petitioner's witnesses were not irrelevant or unnecessary. they were in a position to see hear and know all or part of the incident in the sallyport on August 15,2003. Had they been called, they would have testified that petitioner had no involvement in the fight on August 15,2003,  Courts have repeatedly held that the refusal to call witnesses with personal knowledge of the incident in question denies due process.Fox V. Coughlin,893 F.2d 475,477 ( 2d Cir.1990). This is especially so when a prisoner"Faces a credibility problem trying to disprove the charge of a prison guard! Ramen V. Keehy936 F.2d 1102,1104(10th Cir.1991),and when the hearing officer refuses to hear any witnesses coroborating the accused version. Graham V. Boughuman,772 f.2d 441,445(8th Cir,1985); Grant V. Nelson,442 F. Supp. 1047,1057 (d.Conn.1977)--both of which apply to this case.

### B.The Failure to provide petitioner a meaningful
### Explaination of the finding of guilt denied due process.
9. Petitioner aver that offenders who are found guilty of disciplinary charges are entitled to a written statement by the factfinder as the evidence relied on and the reason for the disciplinary hearing off action."Wolf V.McDonnell,418
U.S 2t 565,quoting Morrisey V. Brewer, 408 U.S. 471,489 92 S.Ct.2593(1992). In the instant case petitioner was 92 S.Ct. 2593(1992). In the instant case petitioner was found guilty based upon the"officer's report? Several Courts have held that the practice "as in petitioner case" of simply adopting the report of staff members with no further explaintion denied due process. Dyson V.Kocir689
F.2d 466,467-68(3d Cir.1982); King V. Wells760 F.2d 87, 93(6th Cir.1985); Chavis V. Rowe643 F.2d 1281,1286-87 (7th Cir)cert. denied,454 U.S907(1981); Haynes V. Walker,555 F.2d 625,633 (7th Cir) cert. denied,434 U.S 959 (1977); Owens V. State, 507 So.nd 576,578(Ala.Cr.app.1987) State Ex. Rel. Meeks V. Gagnon, 95 Wis. 2d 115, 289 N.w 2d 357,362-63(Wis.App.1986).Prison officialas must provide some degree of explanation for the conclusions they reach other than the charging officer report.Washington V. Chrans,769 F. Supp. 7045,1052(C.D.1]1.1991); Robinson V. Young, 674 F. Supp. 1356,1368 (W.D. Wis.1986).
Here, the factfinder provided no explaination whatsoever for believing the written report of the officer over the personal testimony of the petitioner
     C. The petitioner's conviction of violation of code 8.0 rioting unsupported by any evidence,other than the charging officer disciplinary report,denied due process.
   10. Due process forbids prison officials to convict offenders of disciplinary offenses unless there is " Sufficient Evidence" to support the charge. Superinterdent V. Hill, 472 U.S 445,457 105,2768(1985). IN this case, there was no evidence to support the change of rioting in violation of code 8.0
   11. Petitioner aver that the courts are divide concerning the burden of proff that must be applied by the hearing officer in the disciplinary proceding. In Goff V. Dailey the Fisrt Federal appeals Court to consider this question held that"some evidence" was the burden of proff as well as the standard of revieal in disciplinary hearing.
   11. in other words,this court held that if there ia any evidence that an offender is guilty that the hearing officer can convict even if there's no overwhelming evidence that you are innocent. However the Vermont Supreme Court found the Goffdecision "uncersuasive" and held that due process requires the burden of proff to be the "prepondenance of the evidence" Lafasso V. Patrissi,633 A.2d at 699-700; see also Brown V. Fauver, 819 F.2d at 399 n.4 (expressing doubt whether "some evidence burden of proff meets the due process standards).
   12 Petitioner aver that the prepondenance standard is the proper burden of proff for a varity of reason. [T]he petitioners intrest is not being erroneously convicted is an important one, the risk of error with use of the some evidence standard is high and the TDCJ-ID's intrest in swift and certain punishment is not impede by the use of the preponderance standard of proff. In addition TDCJ-ID, should not have an interest in treating innocent people as if they were guilty. Goff V. Dailey, 991 F.2d at 1444(dissenting opinion)(citation omitted),accord LaFaso V. Dailey, 633 a.2d at 698-700(We conclude there is a very significant risk of erroneous discipline of an innocent inmate under a"some evidence" standard of proff);is simply not designed for the initial fact-finding.As the vermont Court observe,

...[T]he Court stated that its"some evidence" standard " does not reqire examination of the entire record,independent assessment of the credibilty of witnesses,or weighting the evidence." USuperintendent] V. Hill,472 U.S at 455,105 S.Ct. at 27774...We find incredible the suggestion that a de novo proceding intend to determine the guilt or innocence of any individual could dispense with the procedures and retain a semblance of "Fundamental Fairness." LaFaso V. Patrissi, 633 A.2d a 698;see Valmonte V. Banc, 18 F.3d 992 (2d Cir.1994)(noting that a"some evidence standard" does not reqire the factfinder to weight conflicting evidence'). As the lower court in Goff pointed out, 2nd the Vermont court agreed,the accepting due process"blancing test" support the us of higher standard than "some evidence" No case applying the due process"blancing test" support the use of a higher standard than "some evidence" a standard of proff less than a precoundence of the evidence.Goff V. Dailey,991 F.2d at 1443(dissenting opinion)and case cited. Cases cited in Goff as supporting the use of lower court standard did not actually deal with the standard of proff rather,they dealt with the procedure nature of the hearing that was required.In Goss V. Lopez, 419 U.S 565,95 S.Ct 729 (1975),the Supreme Court held held that a school principal could suspend a student after telling her what she was accused of doing and and informally discussing the charges with her) (Reliance on prison employee's oral summary of an alleged threatening letter,without reading the letter,may deny due process) Howard V. Wilerson,768 F.Supp.1002,1008(S.D.N.Y1991) (hearsay information with no evidence supporting it's credibility was not some evidence) Parker V. State,597 So.2d 753,754(Ala.Cr App.1992)(Staff members report based on what some inmates told him was not "some evidence.Johnson V. State,576 So.2d 1289,1290(Ala Crim.App 1991) (Similar to Howard); Ex parte Floyd,457 So.2d 961,962(Ala.1984)(Supposition based upon supposition,stemming from hearsay was inadequate to support a conviction);Farrell V.Oregan State Penitentiary,Corrections Div. 51 Or. App. 465,625 P. 2d 1380,1382(Or.App.1981);(see e.g Lenea V. Lance,862 F.2d 1171,1175-76(7th Cir.1989)(there was no evidence that the previous prisoners had had aided in escape based on the facts he knew the escapees had spoken to one the day of the escape, was legitimately in the general area were they escaped,and was found to be "deceptive" during a polygraph test);Cerd V. O'Leary, 746 F.supp.820,825 (N.D.Ill.1990) (Evidence discrediting the prisoner alibi but not affirm afraction) Adams V. Wolf,624 F. Supp. 1036,1040 (1) Nev.1985)(stab wounds alone did not constitute evidence of fighting); Matter of Resmiller,101 Wash.2d 291,678 P.2d 323,326(Wash.1984)(No evidence was produced liking the petitioner to the contreband);see Artway V.Scheidernated,671 f.Supp. 330(1) N.j 1987) As in the instant case there was no evidence liking the petitioner to the rioting. Courts Courts have caution that hearsay thats completely uncorroborated and has no other indications of reliability does not constitut some evidence.Young V. Kann,926 F.2d 1396,1402(3rd Cir.1991). (Reliance on prison employees oral summitted summary of an allegedly threatening letter without reading the letter,or without more may deny due process. Written reports must be based on personal knowledge and properly signed and dated in order to support a conviction.

Point II

13. Defendant Douglas DREFRS , is liable for the due process violations by reason of his failure to correct the on administration appeal. Althought Director Douglas,did not commit the due process violation, he became responsibile when he failed to correct in the course of his supervisory responsibilities. A Director who learns of a constitutional violation through a report on appeal may be held liable for failing to correct it. William V. Smith, 781 F.2d 319,323-24(2d Cir.1986). In particular, warden and other high level officials who designated to decide disciplinary appeals have the duty to conduct atleast a "minimal investigation" whe confronted with due process violations and they may be held liable for failer to preform thid duty King V Higginins,702 F.2d 1821(1st Cir.) cert. denied,464 U.S.965(1983); accord Lewis V. Smith ,855 F 2d 736,738(11th cir.1988) Gabai V. Jacoby, 800 F.Supp.1149,1156(S.D.N.Y 1992) Fagin V. Broglin693 F.Supp. 736,740(N.DInd.1988); Pino V. Dalsheim,605 F.Supp.1305,1319 (S.D.N.Y.1985) Dyson V. Kocik,693 F.Supp 109,120(M.D.Pa 1983)affd,740.F.2d 956(3rd Cir.1984). Petitioner aver that the director was made aware throught his appeal process of the due process violations in this case. The failer to call any petitioners witnesses, the inadequate statement of reason and the lack of evidence in the report for the charge of riotingwere all apparent from the documents created in the course of the disicplinary proceedings. Moreover the Identified the due process violations in his appeal grievance,so the Director knew what to look fo'

Petitioner aver that loss of good time-credits is a factor used to determine petitioners eligibility for early release from confinement.See Texas Gov't Code Ann.508.145(West2002) A ststate may create a constitutionall protected liberty interest requiring a higher level of due process when good time credits are forfeited in a disciplinary action against an offender eligible for mandatory Supervision Release on Parole. See Madison V. Parker 104 F.3d 765,769 (5th Cir.1997). Since 1997 ; Texas law has that good conduct time credits "apply only to those offenders eligibility for parole on mandatory supervision,rather than an actual reduction in an offender sentence. Tex. Rev Stat. Art,6181-1/4(West Supp.1977). Currentyly,Tex Gov't Code Ann.498.003 (West 2002) Under this analysis petitioner would have a conizable claim if he lost good time. See Exhibit A & B Attached hereto.

### Exhaustion

14.

Petitioner aver he has exhausted his institutional remedies for purpose of 28 U.S.C 2254 (b) when he pursued the TDCJ-ID informan grievance procedures. See Gartell V. Gaylo 981 F.2d 258 n.)(5th Cir 1993)(When challenging a prison disciplinary hearing in habeaus corpus. "Offenders are required to exhaust the TDCJ-ID grievance procefures Spaulding V. Collins,867 F. Supp 499,502(S.D.Tex.1993)(Because the case involves a prisoner disciplinary action is not reviewable by state court and is properly brought by Federal Habeas Corpus Petition in this Court. See Barter V. Estelle 614 F.2d 1530,153 -32(5th Cir.1980),cert.denied,449 U.S 1085(1981); Lerma V.Estelle 585 F.2d 1297,1299 (5th Cir.1980) cert. denied,444 U.S.848 11997); ExParte Brager704 S.W 2d 46 (Tex. Crim.App.1986)(Holding that the Texas Court of Crimainal of Appeals will not entertain state habeas actions challenging violations of prison disciplinary procedures.

### Prayer For Relief

For the foregoing reasons petitioner prays this Honorable Court grants petitioner's petition for writ of habeas corpus,issue an order ordering TDCJ-ID to expunge the disciplinary conviction described in his habeas corpus from the plaintiff's institutional record.

Respectfully Submitted,

Robert E. Garcia